SUFFIELD BANK *v.* WILLIAM W. BERMAN ET AL.
(9731)
(9732)

O'CONNELL, FOTI and LANDAU, Js.

[4] See *Emerick* v. *Emerick,* 5 Conn. App. 649, 657 n.9, 502 A.2d 933 (1985).

Argued April 26—decision released July, 30 1991

*Richard P. Weinstein,* for the appellants (named defendant et al.).

*Penny Q. Seaman,* with whom was *Carol A. Fantozzi,* for the appellee (plaintiff).

O'CONNELL, J. The defendants appeal from judgments of strict foreclosure in two cases.[1] The parties agree that the cases are identical and we will discuss them in the singular for clarity. The defendants claim that the trial court improperly (1) prevented them from contesting the amount of the mortgage debt and (2) refused to admit the full transcript of a prior hearing into evidence. We affirm the judgments of the trial court.

The following facts are pertinent to our decision. Two of the defendants were owners of the equity of redemption in the property and the remaining defendants were

---

[1] Appeal 9731 pertains to property at 1051-1055 Farmington Avenue in Farmington. Appeal 9732 pertains to property at 1067 Farmington Avenue.

obligated on the mortgage note. After the defendants fell into arrears, one of the equity owners offered to convey the property to the plaintiff to satisfy the mortgage debt. The plaintiff refused the offer, instituted this action, and shortly thereafter filed a demand for disclosure of defense pursuant to Practice Book § 236.[2] Once all of the defendants were defaulted for failure to disclose a defense, the plaintiff filed a motion for judgment of strict foreclosure.

Immediately before the hearing on the motion, the defendants indicated that they intended to object to the plaintiff's affidavit of debt claiming that their obligation to pay interest was discharged when the plaintiff refused to accept a conveyance of the property. The plaintiff objected to the evidence proffered in support of this defense on the grounds that (1) the defendants had been defaulted for failure to disclose a defense, (2) no notice of intent to contest the amount of the debt had been filed prior to the hearing, (3) the proffered evidence was irrelevant because the argument failed as a matter of law, and (4) the evidence was inadmis-

[2] "[Practice Book] Sec. 236. DISCLOSURE OF DEFENSE

"In any action to foreclose or discharge any mortgage or lien or to quiet title, or in any action upon any written contract, in which there is an appearance by an attorney for any defendant, the plaintiff may at any time file and serve in accordance with Sec. 120 a written demand that such attorney present to the court, to become a part of the file in such a case, a writing signed by him stating whether he has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense. If the defendant fails to disclose a defense within five days of the filing of such demand, the plaintiff may file a written motion that a default be entered against the defendant by reason of the failure of the defendant to disclose a defense. If no disclosure of defense has been filed, the court may order judgment upon default to be entered for the plaintiff at the time the motion is heard or thereafter, provided that in either event a separate motion for such judgment has been filed. The motion for default and for judgment upon default may be served and filed simultaneously but shall be separate motions."

sible because it related to settlement negotiations. The trial court agreed with the plaintiff and rendered judgments based on the affidavit of debt. The defendants appealed.

Where no defense as to the amount of the mortgage debt is interposed in a foreclosure case, the amount due the plaintiff may be proved by an affidavit of debt. Practice Book § 527;[3] *Connecticut National Bank* v. *N. E. Owen II, Inc.*, 22 Conn. App. 468, 472, 578 A.2d 655 (1990). The defendants rely on Practice Book §§ 367, 372 and 374[4] for their claim that the court improperly refused to allow them to contest the plaintiff's affidavit of debt. These rules of practice pertain to hearings in damages however, and do not apply to foreclosures. A separate procedure is prescribed for foreclosure actions in Practice Book §§ 206, 236 and 527.

---

[3] "[Practice Book] Sec. 527. ——PROOF OF DEBT

"In any action to foreclose a mortgage where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the court the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto."

[4] "[Practice Book] Sec. 367. ——NOTICE OF DEFENSES

"In any *hearing in damages* upon default suffered or after a denial of a motion to strike, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense." (Emphasis added.)

"[Practice Book] Sec. 372. ——AMENDING NOTICE

"The court may, for cause shown, and upon such terms as it may impose, permit such notice to be filed or amended at any time."

"[Practice Book] Sec. 374. ——EVIDENCE TO REDUCE DAMAGES

"The defendant may, without notice, offer evidence to reduce the amount of damages claimed."

The failure to disclose a defense leads to different procedural results depending on the type of action before the court. In a regular civil case, if the appearing defendants do not disclose a defense, the matter is placed on the trial list pursuant to Practice Book § 253, whereas, in a foreclosure action, a similar default results in the case being placed on the short calendar list pursuant to Practice Book § 206. In a civil case, the matter may take years before the parties go to trial, whereas, in a foreclosure action, the parties are afforded almost immediate access to court. It is readily apparent that due to the nature of foreclosure actions, the spirit of the rules is to expedite matters. See D. Caron, Connecticut Foreclosures (2d Ed.) § 5.01E. In order for foreclosure cases to move as swiftly as possible through our court system, it is imperative that a defendant disclose any defenses to the mortgage debt prior to the hearing. In the present case, the defendants' failure to disclose a defense in a timely manner barred them from later contesting liability at the foreclosure hearing. Accordingly, we conclude that the trial court properly refused to allow the defendants to present evidence of any defense to liability.

The defendants claim that *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 439 A.2d 396 (1981), supports their contention that the trial court improperly allowed the debt to be proved by an affidavit. The issue in *Burritt,* however, was the accuracy of the calculations in the affidavit as to principal, interest, taxes and late charges. Id., 374. In the present case, the defendants do not dispute the affidavit's accuracy. Rather, they want to offer evidence that their obligation to pay interest was discharged when the plaintiff refused to accept the real estate as a compromise of the mortgage debt.

The *Burritt* case is distinguishable from the present one because the defendant in *Burritt* was contesting

the amount of interest due, whereas here the defendants are contesting their liability for paying any interest. In short, defenses relating to the mathematical calculation of the debt need not be disclosed but defenses that go to the issue of the defendant's liability for the debt must be disclosed. In the present case, the evidence being proffered went to the issue of the defendants' liability for interest and therefore was a defense that required disclosure. In the absence of such disclosure, the trial court properly refused to hear the proffered evidence. Instead, it accepted the affidavit as proof of debt pursuant to Practice Book § 527 and rendered a judgment of strict foreclosure.

Furthermore, the trial court correctly refused to allow the defendants to present evidence of the offer of a deed to the bank because it was evidence of an offer of compromise between the parties. Our rules of evidence clearly prohibit the admission of evidence that relates to settlement negotiations. *Braun* v. *Edelstein*, 17 Conn. App. 658, 660, 554 A.2d 1102, cert. denied, 211 Conn. 803, 559 A.2d 1136 (1989). The defendants contend that this rule applies only to negotiations going to the issue of liability and not to negotiations going to the amount of the debt. Our determination that the offer of the deed went to liability disposes of this argument.

The defendants' second claim is that the trial court should have admitted into evidence the full transcript of the earlier hearing that had been aborted and mistried before another judge. Although the parties stipulated to the admission of one page of the prior hearing's transcript, the defendants argue that the trial court should have allowed them to enter the remainder of the transcript into evidence. We are not persuaded that the transcript of the earlier hearing was relevant to the issue then before the trial court or that the defend-

ants have sustained their burden of proving harm from this alleged evidentiary error. See id.

The judgments are affirmed and the cases are remanded with direction to set new law days.

In this opinion the other judges concurred.