[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to strike challenges the legal sufficiency of a special defense. Practice Book 152(5); see, e.g., Gurliacci v. Mayer, 218 Conn. 531, 546, 590 A.2d 914 (1991). In considering a motion to strike, the court is limited to the facts alleged and must construe the facts most favorable to the non-movant. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). The motion should be denied if the allegations support a defense. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The plaintiff argues that failure to request an appointment of a receiver of rents is not a defense to a foreclosure action. Giannamore argues that his second special defense addresses the issue of failure to mitigate damages and is not an absolute defense to the foreclosure action.
"No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." Practice Book 164. The requirements of Practice Book 164 (previously 104) are permissive rather than mandatory. Glover v. Sheldon, 14 Conn. Sup. 271,272 (Super.Ct. 1946). Facts should be alleged in a special defense whenever they explain the general denials and apprise the plaintiff of all the issues involved in the case. Wilmot v. McPadden, 78 Conn. 276, 281-82, 61 A. 1069 (1905).
"A trial court may withhold foreclosure, or reduce the amount of stated indebtedness in the event it finds that the plaintiff's conduct was inequitable, Lettieri v. American Savings Bank, 182 Conn. 1, 12, 437 A.2d 822 (1980); Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1980)." Suffield Bank v. Berman, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 376564 (January 29, 1993, Aurigemma, J.) (hereinafter referred to as "Suffield Bank v. Berman, Superior Court"). CT Page 610
In a foreclosure action, "defenses relating to the mathematical calculation of the debt need not be disclosed but defenses that go to the issue of the defendant's liability for the debt must be disclosed." Suffield Bank v. Berman, 25 Conn. App. 369,374, 594 A.2d 493 (1991), distinguishing Burritt Mutual Sav. Bank of New Britain v. Tucker, 183 Conn. 369,439 A.2d 396 (1981). "[I]t is imperative that a defendant disclose any defenses to the mortgage debt prior to the hearing . . . [or] the defendants' failure to disclose a defense in a timely manner [will bar] them from later contesting liability at the foreclosure hearing." Suffield Bank v. Berman, supra, 373. Upon remand, the trial court stated that the defendant may contest the amount of the debt "either by means of an answer and special defenses or by a disclosure of defense." Suffield Bank v. Berman, Superior Court.
In Suffield Bank v. Berman, the defendant asked the court to use its equitable powers to deny a deficiency judgment based on the plaintiff's failure to mitigate damages. Id., Superior court. A defense going to the issue of the defendant's liability included a claim that the plaintiff was not entitled to interest on the ground that the plaintiff refused to accept an offer to convey the property to the plaintiff in satisfaction of the debt. Suffield Bank v. Berman, supra, 373.
Giannamore's second special defense puts the plaintiff on notice that failure to mitigate is an issue in this case. In addition, Giannamore alleges facts not raised in the plaintiff's complaint regarding the absence of a receiver of rents.
Accordingly, Giannamore has pleaded a legally sufficient special defense and that the plaintiff's motion to strike is denied.
SYLVESTER, J.