[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO IMPLEAD
The defendant Selma L. Rosenbaum has filed a Motion for Permission to file a third party complaint, against Robert Kapusta, who is not a party to this action. The plaintiff, the Milford Bank, has filed an objection to the Motion.
In her motion, Ms. Rosenbaum claims that Robert Kapusta, an attorney, failed to appropriately advise her as to the extent of her liability when she engaged in the present undertaking.
A motion to implead "may be filed at any time before trial and CT Page 12516-P permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action or work an injustice upon the plaintiff or the party sought to be impleaded." Conn. Gen. Stat. § 52-102a; Practice Book § 117. "The defendant [does] not have a statutoryright to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court." (Emphasis in original.) Cupina v. Bernklau, 17 Conn. App. 159, 164,551 A.2d 37 (1988).
A third party action will work a significant and undue delay in this foreclosure proceeding. Practice Book § 117. Policy favors foreclosure cases moving as swiftly as possible through the court system. Suffield Bank v. Berman, 25 Conn. App. 369, 373,594 A.2d 493, cert. denied, 220 Conn. 913, 597 A.2d 339 (1991). Discovery will most likely have to be conducted if Robert Kapusta is made a third party defendant. In addition, dilatory practices inherent in civil motion practice may cause significant delays in this foreclosure proceeding. "In a civil case, [a] matter may take years before the parties go to trial, whereas, in a foreclosure action, the parties are afforded almost immediate access to court. It is readily apparent that due to the nature of foreclosure actions, the spirit of the rules is to expedite matters." SuffieldBank v. Berman, supra, 373. The third party claim in this case would cause an unjustified delay, and therefore, the court denies the motion to implead.
Furthermore, by asserting a third party claim for indemnification against Robert Kapusta, the defendant would convert this foreclosure case from an equitable cause of action into a partial legal cause of action, which would require a jury trial. See Savings Bank of New London v. Santaniello, 130 Conn. 206, 211,33 A.2d 126 (1943). This result would be unjustified.
A claim for money damages is generally inappropriate in a foreclosure action; the only legal remedy available is for a deficiency judgment. United Bank Trust v. Louden, Superior Court, Judicial District of Litchfield at Litchfield, Docket No. 053143 (October 15, 1990, Dranginis, J. ). The court cannot enter a judgment for money damages in a foreclosure action. Mahler v.Kastens, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 031370 (July 16, 1990, Curran, J.).
For the reasons set forth above, the motion to implead Robert Kapusta is denied. CT Page 12516-Q
THE COURT
CURRAN, J.