[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Citicorp Mortgage, Inc., has filed a complaint in foreclosure against the defendants, James E. Conant and Rita L. Conant. The defendants filed an Answer and Special Defenses. The defendants allege in their special defenses that the plaintiff has breached the implied covenant of good faith and CT Page 3824 fair dealing, failed to mitigate its damages and comes to court with "unclean hands", and the defendants reserve their right to challenge the amount of and calculation of any claimed debt.
The plaintiff filed a Motion To Strike on the grounds that the special defenses are legally insufficient insofar as they are legal conclusions unsupported by facts, are contrary to the express terms of the mortgage deed and are contrary to Connecticut law and fail to attack the making, validity and enforcement of the note and mortgage.
A motion to strike is the proper method to contest "(5) the legal sufficiency of any answer to a complaint, counterclaim or cross-complaint, or any part of that answer including any special defenses contained therein. . . ." Connecticut Practice BookSection 152.
The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien.
While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. "The concept of mitigation of damages is inapplicable to a mortgage foreclosure action where the damages consist of a sum certain, the repayment of which has been agreed to by the defendant maker of the promissory note." Great Western Bank v.McNulty, Conn. Unpub. Decision, 1995 WL128047 (Memorandum of Decision, D'Andrea, J.).
The plaintiff's motion to strike is granted as to special defenses one, two and three.
It might very well be that the fourth special defense may be more appropriately raised at a future judgment hearing. The court, however, finds no reason to strike the fourth special defense. Suffield Bank v. Berman, 25 Conn. App. 369 (1991).
Dated at Stamford, Connecticut this 13th day of March, 1998.
TOBIN, J.