## FIRST FEDERAL BANK, FSB *v.* JON T. GALLUP ET AL.
### (AC 17714)

Foti, Landau and Spear, Js.

Argued September 24—officially released November 10, 1998

*Scott M. Harrington,* for the appellant (substitute plaintiff).

*Gerald M. Fox III,* for the appellee (named defendant).

### Opinion

LANDAU, J. This is an appeal from the deficiency judgment ordered by the trial court in favor of the substitute plaintiff, Wilshire Credit Corporation (Wilshire), in the amount of $5049.29 against the defendant

Jon T. Gallup. Wilshire claims that the trial court improperly admitted irrelevant and harmful evidence. We agree and remand the matter for a new deficiency hearing.

Although the procedural history is somewhat convoluted, only the following procedure and facts are relevant to our analysis. On November 6, 1995, following a hearing, the trial court rendered a judgment of strict foreclosure and found, inter alia, the market value of the premises to be $270,000 in accordance with an appraisal by Castiglia Associates, Inc., (Castiglia appraisal) dated October 12, 1995, which was submitted by the plaintiff.[1]

Following the passing of the law days and in the absence of redemption by any defendant, title to the premises became absolute in Wilshire on February 6, 1997. Wilshire filed a motion for a deficiency judgment on February 24, 1997, pursuant to General Statutes § 49-14.[2] The parties were heard on September 8 and September 29, 1997, at which time Wilshire offered the testimony of Wayne Wright, a certified real estate appraiser. Wright testified that the fair market value of the premises as of February 6, 1997, the date that title vested in Wilshire, was $191,000.

The defendant proffered an appraisal and testimony that the fair market value of the premises as of Septem-

---

[1] Subsequent to the entry of that judgment, it was opened and reopened several times for the purposes of substituting various parties and extending the law days. All earlier findings from the November 6, 1995 judgment were retained.

[2] General Statutes § 49-14 (a) provides in relevant part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. . . . At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

ber 17, 1997, was $280,000. The defendant also requested that the trial court utilize the Castiglia appraisal, dated October 12, 1995, which indicated that the fair market value of the premises was $270,000. Wilshire objected to the Castiglia appraisal on the ground of relevancy, stating that the only issue before the trial court on the deficiency judgment was the fair market value of the premises as of February 6, 1997, the date on which title vested in Wilshire.

On October 1, 1997, the trial court entered a deficiency judgment in favor of Wilshire finding, inter alia, that the market value of the premises was $270,000 on February 6, 1997. In response to a motion for articulation, the trial court stated that it "was not convinced, following the introduction of the evidence of the February, 1997 appraisal, that the value of the property was $191,000. This amount is significantly lower than the appraisal fifteen months earlier. The [trial] court, therefore, was required to consider the September, 1997 appraisal for additional guidance. Following this testimony, the [trial] court evaluated all of the evidence and determined that the fair market value of the subject property was $270,000."

"Evidence is admissible only if it is relevant." *Tomlinson* v. *Board of Education*, 226 Conn. 704, 728, 629 A.2d 333 (1993). "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Cosby*, 44 Conn. App. 26, 31, 687 A.2d 895 (1996), cert. denied, 240 Conn. 910, 689 A.2d 474 (1997). "It is well settled that questions of relevance are committed to the sound discretion of the trial court. *State* v. *Weidenhof*, 205 Conn. 262, 277, 533 A.2d 545 (1987)."

*State* v. *Lyons*, 43 Conn. App. 704, 707, 686 A.2d 128 (1996), cert. denied, 240 Conn. 906, 688 A.2d 335 (1997). That discretion is, however, not unbridled.

A deficiency proceeding has a very limited purpose. "In the hearing contemplated under § 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. *First Bank* v. *Simpson*, 199 Conn. 368, 373, 507 A.2d 997 (1986)." (Internal quotation marks omitted.) *Ferrigno* v. *Cromwell Development Associates*, 44 Conn. App. 439, 444, 689 A.2d 1150 (1997), aff'd, 244 Conn. 189, 708 A.2d 1371 (1998). The deficiency hearing concerns the fair market value of the subject property as of the date title vests in the foreclosing plaintiff under § 49-14. *Eichman* v. *J & J Building Co.*, 216 Conn. 443, 449, 582 A.2d 182 (1990).

During the deficiency hearing, the only relevant issue before the trial court was the value of the premises on the date that title vested in Wilshire. It is clear from a careful reading of the transcript that the trial court considered the Castiglia appraisal of October 12, 1995, together with the testimony of Wright that the fair market value of the premises was $191,000 and the appraisal dated September 17, 1997, which indicated the fair market value to be $280,000. This is not a case in which the trial court set the property value at a compromise figure when confronted with conflicting expert testimony; see *New Haven Savings Bank* v. *West Haven Sound Development*, 190 Conn. 60, 70, 459 A.2d 999 (1983); but a case in which it is clear that the trial court did not believe the relevant evidence before it and considered irrelevant evidence. It is apparent that

the trial court improperly admitted and considered[3] the Castiglia appraisal and the September, 1997 appraisal, which are irrelevant to the value of the subject property on the day title vested in Wilshire.

We cannot, however, end our analysis at this juncture. "It is a fundamental rule of appellate review of evidentiary rulings that if error is not of constitutional dimensions, an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him." *State* v. *Vitale*, 197 Conn. 396, 403, 497 A.2d 956 (1985); *State* v. *Marshall*, 45 Conn. App. 66, 78, 694 A.2d 816 (1997), rev'd on other grounds, 246 Conn. 799, 717 A.2d 1224 (1998). "When determining [the issue of harm] in a civil case, the standard to be used is whether the erroneous ruling would likely affect the result." (Internal quotation marks omitted.) *New England Savings Bank* v. *Bedford Realty Corp.*, 238 Conn. 745, 752, 680 A.2d 301 (1996).

It is apparent from a reading of the record that the improper admission and consideration of the appraisals were harmful. The trial court's ultimate determination that the premises had a fair market value of $270,000,

---

[3] The following colloquy took place during the hearing:

"The Court: All right. I'm going to take the papers. I'm going to look at the original appraisal of two-seventy, your second appraisal of one ninety-one and his appraisal of two-eighty.

"[Counsel for Wilshire]: For the record, Your Honor, it will be my position . . . that my first appraisal is irrelevant since it's—

"The Court: Irrelevant?

"Counsel: Well, it dates back to—

"The Court: You should have said it was irrelevant when you brought it in here.

"Counsel: Well, Your Honor, it's an appraisal that dates back to when we first—

"The Court: But it's your appraisal.

"Counsel: But, Your Honor, it's two years old.

"The Court: Okay. That's all right. But it's your appraisal.

"Counsel: And his. And also my position is his appraisal is irrelevant because it's seven months late."

the exact value of the Castiglia appraisal, clearly suggests that the admission of and reliance upon the Castiglia appraisal affected the result of the deficiency judgment hearing, which was harmful to Wilshire.

The deficiency judgment is reversed and the case is remanded for further proceedings to determine the amount, if any, of the deficiency.

In this opinion the other judges concurred.