[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO TERMINATE STAY OF EXECUTION
The defendant, Richard G. Kastens (hereinafter, "the defendant"), has appealed from a deficiency judgment that was entered against him on November 9, 1998. Pursuant to Practice Book § 4046, now Practice Book (1998 Rev.) § 61-11, the plaintiff's, Wilshire Credit Corp. (hereinafter "the plaintiff"), filed a motion to terminate the automatic stay of execution is now before the court.
Practice Book § 4046, now Practice Book (1998 Rev.) § 61-11, provides in relevant part that "In all actions, . . . proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has CT Page 500 expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ." (Quoting from revised edition, amended 1999.) This section stays the enforceability of a foreclosure judgment provided a timely appeal is taken from that judgment. See Farmers Mechanics Savings Bankv. Sullivan, 216 Conn. 341, 346-47, 579 A.2d 1054 (1990). Section 4046, now § 61-11, further provides that "if the judge who tried the case is of the opinion (1) that an extension to appeal is sought or the appeal is taken only for delay, or (2) that the due administration of justice so requires the judge may at any time, upon motion and hearing, order that the stay be terminated." (Quoting from revised edition, amended 1999.)
On December 14, 1998, the plaintiff filed a motion to terminate the automatic stay of execution. In its motion, the plaintiff argues that the appeal has been taken only for delay and that the due administration of justice requires the stay be terminated. The requisite hearing for the termination of the automatic stay of execution was heard before this court on January 11, 1999. Aside from his original statement of appeal, it does not appear that the defendant has offered any other objection or any memorandum supporting the continuance of the automatic stay.
For the reasons set forth below, this court finds that defendant's appeal is taken to delay the execution of the deficiency judgment against him.
The defendant offers the following five grounds for appeal: "1. Did the court err in finding that the fair market value of the real estate in question was $115,000.00? 2. Did the court err in granting a deficiency judgment in the Plaintiff's favor despite the Plaintiff's actions from the entry of the foreclosure proceedings and the judgment of strict foreclosure to the law date? 3. Did the court err in accepting the debt as $146,582.09? 4. Did the court err in not allowing defendant to get full disclosure of debt? 5. Did the court err in not allowing additional time and testimony which is in conflict with the Code of Judicial Conduct, according to the Practice Book, Cannon 2 (A), cannon 2(B), Cannon 3(A) 3, 4?" (Preliminary Statement of Issues, November 30, 1998.)
The court will address each ground in turn.
1. Fair Market Value of Property at the time of a DeficiencyCT Page 501Judgment
In a hearing to obtain a deficiency judgment, "the court, after hearing the party's appraisal, determines the value of the property and calculates any deficiency. This deficiency judgment presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. . . ." (Citations omitted.) First Federal Bank, FSB v.Gallup, 51 Conn. App. 39, 42, __ A.2d __ (1998). "The deficiency hearing concerns the fair market value of the subject property as of the date title vests in the foreclosing plaintiff. . . ." (Citations omitted.) Id.
In the present case, the fair market value of the property at the time of foreclosure was found to be $126,000. This fair market value was based on the appraisal of the plaintiff's expert. At that time, the defendant did not offer any evidence disputing that the property had a fair market value other than $126,000.
During the hearing on the deficiency judgment, the plaintiff submitted a more recent appraisal conducted by the same expert who conducted the prior appraisal. According to this expert, a more thorough inspection, including the interior of the premises, revealed that the premises was in a condition that was far more deteriorated than previously estimated. The plaintiff's expert also testified that the premises had an inadequate driveway for which the market would penalize the property some $3,000. As a result, the plaintiff's appraiser revalued the fair market value of the property, at the time title vested in the plaintiff on February 18, 1998, at $110,000.
At this time, the defendant, for the first time, presented evidence as to the fair market value of the property. According to the defendant's expert, the property, at the time of the deficiency judgment in October, 1998, was properly valued at $145,000.
"When considering a motion for deficiency judgment, the trial court may make an independent determination as to the valuation of the property. . . ." Bank of Southeastern Conn. v. NazarkoRealty Group, (Citations omitted.) 49 Conn. App. 452, 456,714 A.2d 722 (1998). "The determination of [a property's] value by a court is the expression of the court's opinion aided ordinarily by the opinions of expert witnesses, and reached in weighing CT Page 502 those opinions in light of all the circumstances in evidence bearing upon value and its own general knowledge of the elements going to establish it. . . . The determination of the credibility of expert witnesses and the weight to be accorded their testimony is within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible. . . ." (Citations omitted; internal quotation marks omitted.) Id. "When confronted with conflicting evidence as to valuation the trier may properly conclude that under all the circumstances a compromise figure most accurately reflects fair market value. . . ." (Citations omitted.) Id.
In the present case, property appraised at $126,000 at the time of the foreclose was re-appraised as having a fair market value of $110,000 when title vested in the plaintiff. There was conflicting testimony as to that value. The conflicting testimony, however, exceeded the original fair market value of the property at the time of the foreclosure by some $20,000 and stated the fair market value for the property some seven months after title had already vested in the plaintiff. Nonetheless, the court considered that testimony and reached a compromise fair market value of $115,000.
The court believes that such a compromise and fair market value estimation was just and fair and supported by the evidence offered at the time of the hearing on the deficiency judgment.
2. Was the deficiency erroneous in light of the plaintiff'sactions from the date of entry of the foreclosure proceedingsand the judgment of strict foreclosure to the law date?
Since the defendant has not elaborated what the precise actions of the plaintiff were from the judgment of strict foreclosure (November 10, 1997) to the law date (February 16, 1998), the court cannot address the defendant's argument. A review of the file, however, does not indicate any sort of inappropriate behavior by the plaintiff. Moreover, there seems to be no indication in the file that the defendant, either directly or indirectly, made the court aware during this time as to any actions by the plaintiff which might have made any deficiency judgment "erroneous."
3. The court's acceptance of the debt as $146,582.09
When seeking strict foreclosure, the moving party must CT Page 503 establish the amount of debt owed to it. New England SavingsBank v. Bedford Realty Corp. , 238 Conn. 745, 760, 680 A.2d 301
(1996).In order to do so, the moving party must present reliable evidence as to the debt. Id.
In the present case, the plaintiff offered the affidavit of Edward Wong, the foreclosure specialist of Wilshire Credit Corp., who attested that the defendant's debt to the plaintiff was, as of September 17, 1997, in the amount of $145,113.07. On November 10, 1997, the plaintiff offered an amendment to that affidavit that included an additional $1,469.02 in interest that had accumulated since September 17, 1997.
During the foreclosure hearings, the defendant did not offer any evidence to suggest that the debt was other than what was calculated by the plaintiff. The court, accordingly, found that the debt was established by the plaintiff in the amount of $146,582.09. This amount was fair and accurate in light of the evidence presented at the time of strict foreclosure. As an action for deficiency judgment presumes the amount of the debt as established by the foreclosure judgment; First Federal Bank, FSBv. Gallup, supra, 51 Conn. App. 42; the original judgment amount of $146,582.09 was properly before the court for consideration during the deficiency judgment.
4. Did the court err in not allowing the defendant fulldisclosure of debt?
On September 22, 1997, the plaintiff appeared before the court seeking a judgment of strict foreclosure. At that time, the defendant argued to the court that the plaintiff had failed to comply with his requests for production. The court, accordingly, ruled that the motion for strict foreclosure would not be ruled upon until the plaintiff had complied with the defendant's request for production.
On October 27, 1997, the plaintiff filed a motion for order, stating that the plaintiff has "provided the Defendant with all requested documents and has contacted the Defendant's counsel in an attempt to comply with all requests. Counsel for the Defendant has not been able to clarify what documents are missing in regards to their request for production and Counsel for the Plaintiff has complied with all requests filed." From a review of the file, it does not appear that the defendant filed any objection to this motion for order concerning compliance or any CT Page 504 other sort of request for additional production or disclosure.
Accordingly, the court believes that the defendant was allowed full disclosure of the debt.
5. Did the court err in not allowing additional time andtestimony in violation Cannon 2(a) and (b) and Cannon 3(a)(3)and (4) of the Code of Judicial Conduct?
Though the defendant argues that the court failed to give him additional time or the opportunity for additional testimony, the court believes that it acted in a fair and proper manner in accordance with the Code of Judicial Conduct. The court believes that it did not act in any manner to suggest impropriety in violation of Cannon 2 or in a manner other than with impartiality and diligence as set forth in Cannon 3. The defendant was given ample time and opportunity to set forth any defenses or evidence against the plaintiff's underlying foreclosure action, but did not do so.
For the reasons stated above, the court finds that the defendant's appeal is taken only for reasons of delay and does not provide likely grounds for appeal. The plaintiff's motion to terminate the stay of execution is granted.
THE COURT
CURRAN, J.