[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR DEFICIENCY JUDGMENT/OBJECTION TO MOTION FOR DEFICIENCY JUDGMENT
On August 30, 1988, the defendants, Michael Zascirinskis and Patricia Wiggleworth (hereinafter "the defendants"), executed a note in the amount of $126,000.00 with The Bank Mart, now known as Fleet National Bank. The note was secured by a mortgage on the subject property owned by the defendants.
On January 7, 1998, The Bank Mart assigned the note to R.I. Waterman Properties, Inc. ("Waterman"). Waterman accelerated on the note and, by complaint filed February 3, 1998, sought a foreclosure of the property. The defendants disclosed no defense to this action, and the court entered a judgment of strict foreclosure on April 13, 1998. At that time, the court found the debt owed by the defendants amounted to $128,575.21 plus costs and fees. The fair market value of the property was found to be $70,000. On that same date, the court also granted a motion to substitute Fleet Funding (hereinafter "the plaintiff") as the party plaintiff.
The plaintiff filed a motion for a deficiency judgment on July 29, 1998. On August 13, 1998, the defendants objected to the calculation of debt in the motion for deficiency judgment. Both parties subsequently filed memoranda of law in support of their CT Page 4562 respective position.
The defendant's first objection to the calculation of deficiency is that it was as of the date of the motion rather than the day title passed to the plaintiff. The plaintiff has addressed the defendants' first objection to the calculation by recalculating the debt in accordance with the objection. The court, therefore, finds that the objection is now moot.
The defendants' second argument is that the plaintiff or assignor had previously rejected a bona fide offer. The defendants' offer evidence showing that they previously had an offer by a third party to purchase the property in question for $80,000. According to the defendants, however, the plaintiff's assignor, refused to approve this purchase and thus caused an additional year of interest to accumulate and a loss of $10,000 of benefit to the defendants as the fair market value of the property is now $70,000.
The court finds that this argument cannot be considered at this time and stage of the proceedings. A deficiency judgment presumes the amount of debt as established by the foreclosure judgment. First Federal Bank, FSB v. Gallup, 51 Conn. App. 39,42, 719 A.2d 923 (1998). The defendants did not challenge the foreclosure judgment, but rather pleaded that they had no defense to the foreclosure. In foreclosure actions, however, "defenses that go to the issue of the defendants liability for the debt must be disclosed." Suffield Bank v. Berman, 25 Conn. App. 369,373, 594 A.2d 493, cert. denied 220 Conn. 914, 597 A.2d 340
(1991) (evidence being proffered for the defendant's liability on interest, was a defense that required disclosure). Since the defendants failed to disclose any defense, the court cannot now consider any defense that could have been raised previously at the foreclosure hearing. See Federal Deposit Ins. Co. v. Voll,38 Conn. App. 198, 211, 660 A.2d 358 (1995) ("[d]efenses that could have been raised during the foreclosure proceedings may not be raised at the deficiency hearing").
The defendants' final argument is that there is no deficiency remaining for the plaintiff to collect as the plaintiff has benefitted [benefited] from a private mortgage insurance paid for and purchased by the defendants. The defendants argue that a condition of the mortgage/note was the requirement that the defendants purchase a private mortgage insurance policy which would reimburse the plaintiff for any deficiency in the event of CT Page 4563 the defendants default. Since they have now defaulted, the defendants maintain that the mortgage insurance covers any remaining deficiency.
The plaintiff, however, argues that whether it has received any insurance benefits is immaterial to the deficiency judgment at hand. The plaintiff argues that the defendants are not beneficiaries under the insurance policy, but rather remain liable on their obligation under the note regardless of any insurance policy benefits. Moreover, since the insurance company possesses subrogation rights against the defendants, the plaintiff argues that the deficiency judgment is the sole method by which the plaintiff and its assignees may protect their debt.
General Statutes § 36a-725 (2) defines "mortgage insurance" as "insurance written by an independent mortgage insurance company to protect the mortgage lender against loss incurred in the event of a default by a borrower under the mortgage loan." How the presence of private mortgage insurance affects a deficiency judgment appears to be an issue of first impression in Connecticut.
In general, a deficiency judgment is the only method of satisfying a mortgage note when the security is inadequate to make a foreclosing plaintiff whole. Eichman v. J J BuildingCo., 216 Conn. 443, 449, 582 A.2d 182 (1990). Usually, the deficiency proceeding has a very limited purpose. First FederalBank, FSB v. Gallup, supra, 51 Conn. App. 42. "In the hearing contemplated under 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisal, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. . . ." (Citations omitted.) Id.
Nonetheless, a deficiency judgment is a "statutory procedure that is part of, and complementary to, the traditional and equitable common law action of strict foreclosure." FederalDeposit Ins. Co. v. Hillcrest Associates, 233 Conn. 153, 172,659 A.2d 138 (1995). As such, courts have considered other factors aside from valuation of property in ultimately determining the amount of deficiency judgment, if any, the plaintiff is entitled to. See Bank of New Haven v. Caldrello, Superior Court, judicial district of New London at New London, Docket No. 523276 (June 22, 1998, Purtill, J.T.R.), appeal dismissed, 246 Conn. 911, ___ A.2d CT Page 4564 ___ (1998); New England Savings Bank v. Lopez, Superior Court, judicial district of New London at Norwich, Docket No. 098263 (January 19, 1996, Koletsky, J.); FDIC v. Camus, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 278207 (August 14, 1992, Stodolink, J.); see also FDIC v. Fonte,48 Conn. App. 531, 545, 712 A.2d 416, cert. denied, 245 Conn. 908,718 A.2d 14 (1998).
Thus, it would appear that the court is able to consider whether certain credits, from the private mortgage insurance, are due the defendants in calculating the deficiency judgment. Under the general principles of equity, it would be appropriate to, at the very least, credit the defendants for the amount of money the defendants expended in purchasing the mortgage insurance. SeeSandusky v. First National Bank of Sikeston, 773 S.W.2d 95, 97
(Ark. 1989). Without such a credit, the plaintiff would benefit twice by collecting proceeds of an insurance policy issued in the plaintiff's name but paid for by the defendants.
Furthermore, it would be inequitable for the plaintiff to seek a deficiency if, in fact, the plaintiff has already collected on its claim from the insurance company. Since the reimbursement from the insurance company would make the plaintiff whole as to damages, any further recovery would be a windfall to the plaintiff. See Citicorp Mortgage. Inc. v. Younger, 856 P.2d 52
(Cob. App. 1993).
At least one state has apparently established a statutory mechanism that provides a credit to the defendant in a deficiency judgment to take into account any proceeds from mortgage insurance the plaintiff may have received. See Palma v. VerexAssur., Inc., 79 F.3d 1453, 1461 n. 11 (5th Cir. 1996) (the Texas legislature's enactment of § 51.003(d) requires the lender to credit a borrower's deficiency balance with any mortgage insurance proceeds that are received. This enactment overrules Hunt v.Jefferson Savings Loan Ass'n, 756 S.W.2d 762, 765 (Tex.App. 1988, writ denied), cert. denied, 489 U.S. 1079, 109 S.Ct. 1532,103 L.Ed.2d 837 (1989). Hunt stated that the borrower is not entitled to an offset for mortgage insurance proceeds received by the lender). While the Connecticut legislature has not expressly provided for such a credit, it would appear that, nonetheless, such a credit is appropriate under the principles of equity in order to preclude the plaintiff from recovering twice.
However, even if a credit is applied against the lender, the CT Page 4565 court agrees with the plaintiff that the defendants ultimately do remain liable on the note. If the lender receives proceeds from a private mortgage insurer, it assigns any and all rights to the insurer and the insurer will be entitled to exercise its rights of subrogation. Ultimately, the insurer may seek reimbursement from the defendants for any deficiency still owing on the original note. In this regard, the defendants will still be required to live up to their original obligation regardless of whether the plaintiff has collected insurance proceeds. Such a result is consistent with the fact that the private mortgage insurance exists for the security and benefit of the lending party and not for the benefit of the defendants. See Key PacificMortgage, Inc. v. Industrial Indemnity Company of Alaska,845 P.2d 1087, 1089 (Alaska 1993); Sandusky v. First National Bank ofSikeston, supra, 773 S.W.2d 97; Kilmer v. Citicorp Mortgage,Inc., 860 P.2d 1165, 1168 (Wyo. 1993).
It is noteworthy that cases that have addressed mortgage insurance benefits in the context of a deficiency judgment usually involve the insurer as a party to the action.[1] The involvement of the insurer in the deficiency judgment allows the insurer to protect his rights against the party still liable on the note while, at the same time, ensuring that the plaintiff does not recover damages that have already been covered by the, mortgage insurance.
In the present case, it is somewhat unclear whether the plaintiff has actually received benefits from the insurer under its mortgage insurance policy.[2] If the plaintiff has received benefits from the insurance company in an amount that covers the deficiency judgment entirely, then it would seem that the insurer, via subrogation, is the proper party to the action and, pursuant to Practice Book § 99, now Practice Book (1998 Rev.) §9-18, should be brought into the present case. If, the plaintiff has recovered insurance sums in an amount that only partially covers the deficiency, a deficiency judgment in the plaintiffs name is the appropriate method for the plaintiff to be made whole. Under the principles of equity, however, the defendants would be entitled to a credit for any amount the plaintiff has received from a mortgage insurer.
The plaintiff herein is hereby ordered to cite in the insurance carrier as a party to this action.
The Court CT Page 4566
By Curran, J.