******************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
*v.* ABU HASHEM MALICK ET AL.
(AC 43262)

Moll, Alexander and Bishop, Js.

*Syllabus*

Pursuant to the rule of practice (§ 23-18 (a)), in any action to foreclose a mortgage, "where no defense as to the amount of the mortgage debt is interposed," the amount of the debt may be proved by the submission of an affidavit of debt.

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendant. The plaintiff filed an affidavit of debt attesting to the amount of the mortgage debt. The defendant filed an objection to the plaintiff's affidavit, in which he claimed that, inter alia, the plaintiff had overstated his municipal taxes and that it had miscalculated his interest. Following a hearing, the trial court granted the defendant additional time to obtain and submit verified documentation to support his contention as to those two amounts. The court thereafter held another hearing to consider, inter alia, the defendant's offer of proof as to his objection, which the defendant did not attend. The court, relying on the plaintiff's affidavit of debt and other submissions, rendered a judgment of strict foreclosure, and the defendant appealed to this court. *Held* that the trial court erred as a matter of law when it accepted the plaintiff's affidavit of debt and relied on it to establish the amount of the defendant's indebtedness: under our Supreme Court's decision in *Burritt Mutual Savings Bank of New Britain* v. *Tucker* (183 Conn. 369), once the defendant raised objections concerning the amount of the mortgage debt set forth in the plaintiff's affidavit, the hearsay exception provided in Practice Book § 23-18 (a) no longer applied, and the plaintiff was required to provide evidence of the amount of the debt.

Argued April 15—officially released September 28, 2021

*Procedural History*

Action to foreclose a mortgage on certain of the named defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant Shujaat Malick was defaulted for failure to appear; thereafter, the court, *Bruno, J.*, granted the plaintiff's motion for summary judgment as to liability; subsequently, the matter was tried to the court, *Bruno, J.*; judgment of strict foreclosure, from which the named defendant appealed to this court. *Reversed*; *further proceedings*.

*Roy W. Moss*, for the appellant (named defendant).

*Brian D. Rich*, with whom, on the brief, was *Anthony E. Loney*, for the appellee (plaintiff).

*Opinion*

ALEXANDER, J. The defendant Abu Hashem Malick[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, JPMorgan Chase Bank, National Association. On appeal, Malick claims that the court erred as a matter of law when, despite his objections to some of the calculations set forth in the plaintiff's affidavit of debt, it accepted the affidavit and relied on it to establish the amount of the defendant's indebtedness. Because we are bound by our Supreme Court's decision in *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, 183 Conn. 369, 374–75, 439 A.2d 396 (1981), we reverse the judgment of the trial court.

The following facts inform our review. The defendant is the owner of real property in Fairfield (property). In a complaint dated January 9, 2018, the plaintiff alleged that the defendant had executed and delivered to Washington Mutual Bank, N.A., its predecessor in interest,[2] a note in the principal amount of $417,000, of which the plaintiff became the holder, secured by a mortgage on the property. The plaintiff further alleged that the defendant was in default on the note and that it had elected to accelerate the debt. The plaintiff sought a judgment of foreclosure. The defendant filed an answer in which he alleged in part that he had "no monetary obligations" to the plaintiff.

On January 24, 2019, the plaintiff filed a motion for summary judgment as to liability, which was granted by the court on April 4, 2019. The defendant, on April 12, 2019, filed a motion requesting that the court reconsider and vacate its summary judgment as to liability, which the court denied on May 14, 2019. On May 28, 2019, the defendant filed two identical motions in which he again requested that the court reconsider and vacate its summary judgment as to liability.

On June 20, 2019, the plaintiff filed an affidavit of debt, signed by Nicole L. Smiley, an "[a]uthorized [s]igner" of the plaintiff, attesting that the defendant owed the plaintiff $749,420.60 as of June 13, 2019. On June 21, 2019, the plaintiff filed a motion seeking a judgment of strict foreclosure. On July 3, 2019, the plaintiff updated its affidavit of debt to include the interest that had accumulated since its June 20, 2019 affidavit.

Thereafter, on July 5, 2019, the defendant filed a "brief" in support of (1) his April 12, 2019 motion to reconsider and vacate, which motion the court already had denied on May 14, 2019, and (2) his May 28, 2019 motions to reconsider and vacate the summary judgment as to liability. The defendant also filed an objection to the plaintiff's affidavit of debt on the grounds that it contained hearsay and inaccurate calculations as to the defendant's municipal tax liability and the interest owed on his loan. On July 8, 2019, the court

held a hearing on the plaintiff's motion for judgment of strict foreclosure, and the court issued an order granting the defendant additional time, specifically, until a hearing on July 15, 2019, to obtain and submit verified documentation to support his contention that the plaintiff had miscalculated the outstanding interest due, as well as the defendant's municipal tax liability.[3] The defendant thereafter filed another objection to the plaintiff's affidavit in which he claimed that according to "town records," the plaintiff had overstated his municipal taxes by $4208.83, and that it had miscalculated his interest by "tens of thousands of dollars." The defendant also claimed an offset for damages in the amount of $5,810,000.

On July 15, 2019, the court held another hearing on the plaintiff's motion for strict foreclosure and to consider the defendant's offer of proof as to his objection to the amount of the mortgage debt set forth in the plaintiff's affidavit of debt. The defendant did not attend the July 15, 2019 hearing, which had been rescheduled for the purpose of allowing him the opportunity to obtain verified documentation to support his allegations that the plaintiff's affidavit contained erroneous calculations. Relying on the plaintiff's affidavit of debt and other submissions, the court rendered a judgment of strict foreclosure, setting a law day of September 17, 2019. The present appeal followed.

The defendant claims that the court improperly rendered a judgment of strict foreclosure after he had articulated specific objections to the amount of the mortgage debt set forth in the plaintiff's affidavit of debt. He argues that "[t]his appeal ultimately concerns the applicability of the hearsay exception provided in Practice Book § 23-18 . . . ." We conclude, on the basis of *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 374–75, that, once the defendant raised objections "concerning the amount of the mortgage debt"; id., 375; set forth in the plaintiff's updated affidavit of debt, the hearsay exception provided by § 23-18 (a) no longer applied, and the plaintiff was required to provide evidence of the amount of the debt. Accordingly, the court erred as a matter of law.

"[T]he scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . [T]he proper characterization of the trial court's ruling is clarified by examining the nature of an affidavit of debt and the function of Practice Book § 23-18 (a) in foreclosures. Without question, an affidavit of debt is hearsay evidence because it is an out-of-court statement, by an absent witness, that is offered to prove the truth of the amount of the debt averred in the affidavit. . . . As is relevant here, the purpose of § 23-18 (a) is to serve as an exception to the general prohibition of hearsay evidence when appropriate circumstances arise, namely, that the

amount of the debt is not in dispute. . . . Therefore, the defendant's claim that the trial court erred in determining that § 23-18 (a) applies is most properly characterized as challenging the trial court's determination that an exception to the general prohibition of hearsay applies to the affidavit of debt.

"A trial court's decision to admit evidence, *if premised on a correct view of the law* . . . calls for the abuse of discretion standard of review. . . . In other words, only after a trial court has made the *legal determination* that a particular statement . . . is subject to a hearsay exception, is it [then] vested with the discretion to admit or to bar the evidence based upon relevancy, prejudice, or other legally appropriate grounds related to the rule of evidence under which admission is being sought. . . . Therefore, a trial court's legal determination of whether Practice Book § 23-18 (a) applies is a question of law over which our review is plenary." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) *Bank of America, N.A.* v. *Chainani*, 174 Conn. App. 476, 483–84, 166 A.3d 670 (2017).

"Practice Book § 23-18 (a) provides that in any foreclosure action 'where no defense as to the amount of the mortgage debt is interposed,' the amount of the debt may be proved by submission of an affidavit executed by an affiant familiar with the details of the debt." Id., 486. "In a mortgage foreclosure action, a defense to the amount of the debt must be based on some articulated legal reason or fact. . . . The case law is clear that a defense challenging the amount of the debt must be actively made in order to prevent the application of § 23-18 (a)." (Citation omitted; internal quotation marks omitted.) Id.

In *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 374, the defendant had raised an objection to the plaintiff's affidavit of debt, specifically disputing "the amounts shown thereon for principal, interest, taxes, and late charges." Our Supreme Court explained that once "a defense concerning the amount of the mortgage debt" set forth in the plaintiff's updated affidavit of debt was raised, "[t]he rule [Practice Book § 527, now § 23-18] . . . was inapplicable and the general prohibition against hearsay evidence precluded the use of the affidavit." Id., 375; see also *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 798–99, 888 A.2d 95 (when defendant sets forth articulated challenge to amount of mortgage debt set forth in plaintiff's affidavit of debt, "the use of Practice Book § 23-18 to introduce the affidavit is prohibited, and the hearsay rules apply" (internal quotation marks omitted)), cert. denied, 277 Conn. 925, 895 A.2d 799 (2006).

In the present case, the defendant objected to the plaintiff's affidavit of debt, raising "a defense concern-

ing the amount of the mortgage debt" set forth therein. *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 375. Specifically, he objected in relevant part on the ground that the taxes shown in the municipal tax records differed from those set forth in the plaintiff's affidavit by the amount of $4208.83 and that the plaintiff's calculations did not contain the property tax abatement that he had received from the municipality. He also objected on the ground that he had a variable interest rate on his loan and that the plaintiff's interest rate calculation was incorrect.

Although the defendant's answer alleging that he had "no monetary obligations" to the plaintiff would be insufficient to result in the preclusion of Practice Book § 23-18 (a) to establish the amount of the debt; see *U.S. Bank National Assn.* v. *Bennett*, 195 Conn. App. 96, 111, 223 A.3d 381 (2019) ("[a] defense or a counterclaim does not affect the applicability of Practice Book § 23-18 (a) unless it actually challenges in some manner *the amount of the debt* alleged by the plaintiff" (emphasis added; internal quotation marks omitted)); *Connecticut National Bank* v. *N. E. Owen II, Inc.*, 22 Conn. App. 468, 471–75, 578 A.2d 655 (1990) (defendant's claim that he had no knowledge as to correctness of amount of debt is insufficient to raise challenge that requires evidentiary hearing); the defendant's objections "concerning the amount of the mortgage debt"; *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 375; set forth in the plaintiff's affidavit render improper the application of § 23-18 (a) in establishing the amount of the debt.[4] See id., 374–75; *Bank of America, N.A.* v. *Chainani*, supra, 174 Conn. App. 486; *National City Mortgage Co.* v. *Stoecker*, supra, 92 Conn. App. 798–99. Accordingly, the court erred as a matter of law.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] The defendant also is known as Abu Hashem W.Q. Malick. Also named as defendants in the trial court were Shujaat Malick and HOP Energy, LLC, neither of whom is a party to this appeal.

[2] The plaintiff alleged that it acquired Washington Mutual Bank, N.A., on or about September 25, 2008.

[3] The court also denied the defendant's May 28, 2019 motion to vacate the court's denial of his motion to reconsider and vacate the court's summary judgment as to liability.

[4] We offer no comment on the merits of the defendant's defenses or objections. In this case, the court committed legal error by accepting the affidavit of debt.