******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JPMORGAN CHASE BANK, NATIONAL ASSOCIATION *v.* ABU HASHEM MALICK ET AL.
## (SC 20662)

Robinson, C. J., and McDonald, D'Auria, Mullins and Ecker, Js.

*Syllabus*

Pursuant to the rules of practice (§ 23-18 (a)), in any action to foreclose a mortgage, "where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff . . . stating what amount, including interest to the date of the hearing, is due . . . ."

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the named defendant, M, after he defaulted on a promissory note secured by the mortgage. After the trial court granted the plaintiff's motion for summary judgment as to liability, the plaintiff moved for judgment of strict foreclosure and submitted an affidavit of debt pursuant to Practice Book § 23-18 (a) to establish the amount of the debt owed. M objected, claiming that the affidavit contained hearsay and incorrectly calculated his municipal tax liability and the outstanding interest that he owed on the loan. The trial court granted M additional time to obtain and submit verified documentation to support his claims, but M did not do so. Instead, M filed another objection to the plaintiff's affidavit of debt, further claiming that municipal records indicated that the plaintiff had overstated M's municipal taxes and incorrectly calculated the interest he owed. M's objection included an exhibit containing a year-to-year breakdown of what he claimed were the taxes actually owed on the property, which M had obtained from the records of the municipal tax collector. At a subsequent hearing to consider M's offer of proof in support of his objection, the trial court relied on the plaintiff's affidavit of debt and other submissions in rendering judgment of strict foreclosure. In doing so, the court accepted the figure that the plaintiff represented in its affidavit of debt as the amount of interest M owed, but the court did not consider, or require the plaintiff to provide, any evidence in support of that amount. M appealed to the Appellate Court, and that court reversed the trial court's judgment, concluding that the trial court had improperly relied on the plaintiff's affidavit of debt under § 23-18 (a), which provides an exception to the general prohibition on hearsay evidence when the amount of the debt is not in dispute. The Appellate Court reasoned that, because M had objected to the stated amount of the municipal taxes and interest that was due, the hearsay exception in § 23-18 (a) was inapplicable, and the plaintiff thus was required to present evidence regarding the amount of the debt beyond the affidavit it had submitted. On the granting of certification, the plaintiff appealed to this court.

*Held* that the Appellate Court correctly concluded that the trial court improperly had relied on the plaintiff's affidavit of debt to establish the amount of debt M owed instead of requiring the plaintiff to present evidence as to the amount of the debt:

1. This court clarified the standards applicable to trial court rulings on the admissibility of affidavits of debt offered under Practice Book § 23-18 (a):

   To preclude the admission of a plaintiff's affidavit of debt pursuant to § 23-18 (a), a defense challenging the amount of the mortgage debt must be actively made, must specifically concern the amount of the debt, and must be based on some articulated legal reason or fact as to why the amount of debt asserted is incorrect.

   Moreover, a defense is insufficient if it focuses on matters ancillary to the amount of the debt, such as issues involving liability, that is, whether the loan is actually in default, involving the credibility of the affiant, or involving defects in the execution of the affidavit itself.

2. In the present case, M's objection to the plaintiff's affidavit of debt properly

implicated the amount of the debt by challenging the plaintiff's calculation of interest and municipal taxes that M allegedly owed.

3. The plaintiff could not prevail on its claim that, to properly interpose a defense within the meaning of Practice Book § 23-18 (a), an objection to an affidavit of debt must be accompanied not only by legal or factual argument, but also by supporting, admissible evidence:

In construing the phrase "where no defense as to the amount of the mortgage debt is interposed," as used in § 23-18 (a), this court looked to the commonly accepted usage of the words "defense" and "interpose," and concluded that § 23-18 (a) merely requires a defendant to advance a stated reason, in law or fact, as to why the amount of the debt is incorrect, an objection clearly falls within the broad scope of the term "interpose," insofar as an objection interferes with a plaintiff's ability to rely on an affidavit to prove the amount of indebtedness, this broad definition of "interpose" was supported by Appellate Court case law, and M's specific objection to the affidavit of debt in the present case satisfied the requirements of § 23-18 (a) because it advanced a supporting legal or factual argument, namely, that the plaintiff incorrectly calculated the interest that M owed and failed to include certain property tax abatements that the municipality had allegedly afforded M.

Moreover, the plaintiff's contention that an objection to an affidavit of debt must be accompanied by supporting, admissible evidence, in addition to legal or factual argument, was not supported by this state's appellate case law, and this court's construction of § 23-18 (a) as not requiring that supporting, admissible evidence accompany an objection to an affidavit of debt was consistent with the fact that it is the plaintiff in a foreclosure action that bears the burden of establishing the amount of the debt owed, and that burden remains with the plaintiff after the defendant sufficiently interposes a defense as to the amount of the debt.

In the present case, M went beyond what the rules of practice required when he attached to his objection the year-to-year breakdown of what he claimed were the accurate taxes, that objection was based on an articulated reason and sufficed to prevent the trial court from relying on the plaintiff's affidavit of debt alone to support the calculation of the amount of property tax that M owed, and, although M did not provide official records from the municipal tax collector to support his calculation of the amount of property tax he owed, neither this court nor the language of § 23-18 (a) has ever required a defendant to provide such evidence.

Argued January 10—officially released July 4, 2023

*Procedural History*

Action to foreclose a mortgage on certain of the named defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant Shujaat Malick was defaulted for failure to appear; thereafter, the court, *Bruno, J.*, granted the plaintiff's motion for summary judgment as to liability; subsequently, the case was tried to the court, *Bruno, J.*; judgment of strict foreclosure, from which the named defendant appealed to the Appellate Court, *Moll, Alexander* and *Bishop, Js.*, which reversed the trial court's judgment and remanded the case for further proceedings, and the plaintiff, on the granting of certification, appealed to this court. *Affirmed.*

*Brian D. Rich*, with whom, on the brief, was *Logan A. Carducci*, for the appellant (plaintiff).

*Jeffrey Gentes* and *Theresa Dudek* filed a brief for the Connecticut Fair Housing Center as amicus curiae.

*Joseph R. Dunaj* filed a brief for USFN as amicus

curiae.

*Opinion*

D'AURIA, J. The sole issue in this certified appeal concerns the applicability of the hearsay exception contained in Practice Book § 23-18 (a), which allows a creditor to prove the amount of the debt in a foreclosure action by submitting an affidavit "of the plaintiff or other person familiar with the indebtedness," rather than through live testimony, "where no defense as to the amount of the mortgage debt is interposed . . . ." The plaintiff, JPMorgan Chase Bank, National Association, appeals from the Appellate Court's judgment reversing the trial court's judgment of strict foreclosure rendered against the named defendant, Abu Hashem Malick.[1] The plaintiff claims that the Appellate Court incorrectly held that, because the defendant had objected to the amount of the mortgage debt, § 23-18 (a) did not apply as a matter of law in the present case. Specifically, the plaintiff argues that, because the defendant failed to provide admissible evidence to support his claims that the plaintiff had miscalculated the amount of interest and municipal taxes he owed, the defendant's objection did not suffice to bar the application of § 23-18 (a), and thus the trial court properly allowed the plaintiff to establish the amount of the debt by affidavit.[2] We disagree with the plaintiff and affirm the Appellate Court's judgment.

The Appellate Court's opinion contains most of the undisputed facts and procedural history required to resolve this appeal; see *JPMorgan Chase Bank, National Assn.* v. *Malick*, 208 Conn. App. 38, 39–41, 263 A.3d 920 (2021); which we summarize along with other facts in the record. "The defendant is the owner of real property in Fairfield (property). In [its] complaint . . . the plaintiff alleged that the defendant had executed and delivered to Washington Mutual Bank, N.A., its predecessor in interest, a note in the principal amount of $417,000, of which the plaintiff became the holder, secured by a mortgage on the property. The plaintiff further alleged that the defendant was in default on the note and that it had elected to accelerate the debt. The plaintiff sought a judgment of foreclosure. The defendant filed an answer in which he alleged in part that he had 'no monetary obligations' to the plaintiff." (Footnote omitted.) Id., 39–40.

The plaintiff moved for summary judgment as to liability, which the trial court granted. The plaintiff then moved for a judgment of strict foreclosure. Prior to the trial court's hearing that motion, "the plaintiff filed an affidavit of debt, signed by . . . an [a]uthorized [s]igner of the plaintiff, attesting that the defendant owed the plaintiff $749,420.60 as of June 13, 2019. . . . [Two weeks later] the plaintiff updated its affidavit of debt to include the interest that had accumulated since [it filed the first] affidavit." (Internal quotation marks omitted.) Id., 40.

After the plaintiff filed its updated affidavit, the defendant "object[ed] to the plaintiff's affidavit of debt on the grounds that it contained hearsay and inaccurate calculations as to the defendant's municipal tax liability and the interest owed on his loan. . . . [T]he court held a hearing on the plaintiff's motion for judgment of strict foreclosure, and [it] issued an order granting the defendant [one week of] additional time . . . to obtain and submit verified documentation to support his contention that the plaintiff had miscalculated the outstanding interest due, as well as the defendant's municipal tax liability. The defendant thereafter filed another objection to the plaintiff's affidavit in which he claimed that according to 'town records,' the plaintiff had overstated his municipal taxes by $4208.83, and that it had miscalculated his interest by 'tens of thousands of dollars.' The defendant also claimed an offset for damages in the amount of $5,810,000." (Footnote omitted.) Id., 40–41. The defendant's objection included an exhibit listing the property taxes owed on the property for the years 2009 through 2017, which he had obtained from the records of the town tax collector.

One week later, the trial court conducted a second hearing on the plaintiff's motion for a judgment of strict foreclosure for the purpose of considering the defendant's offer of proof in support of his objection to the amount of the mortgage debt established by the plaintiff's affidavit of debt. Id., 41. At the hearing, the defendant[3] discussed with the court alleged discrepancies in the municipal tax records, relying on the exhibit he had filed with his most recent objection to the affidavit. The court stated that it was "able to make a finding that the property taxes that are owed on the [property] are somewhere between $49,185.64, which is . . . what [the defendant] believes they are based upon his investigation, and $43,394.47, which is what they were stated to be in the affidavit of debt . . . ." As to the alleged miscalculated interest, the defendant did not provide the court with the documentation it had requested at the first strict foreclosure hearing. Instead, the defendant asked the court to order the plaintiff to provide him with a breakdown of the interest rate that had been applied for each year of his loan. The court declined to order the plaintiff to do so, indicating that the defendant should have had bank statements displaying the interest rates for the duration of the loan. The court gave the defendant an additional two weeks to come forward with proof that the amount of the interest calculated by the plaintiff was inaccurate.

Before adjourning that hearing, and relying on the plaintiff's affidavit of debt and other submissions, the court rendered judgment of strict foreclosure, making "all of the necessary findings except as to the amount of the interest and the taxes." The court then directed the plaintiff to clarify via documentation the breakdown

of the escrow payments to resolve the discrepancy between the parties' calculations of property taxes. It requested the plaintiff to do so within two weeks. As to amount of interest the defendant owed, the court accepted the figure in the plaintiff's affidavit of debt, stating that it would adjust this finding only if the defendant "provide[d] any proof and documentation of that interest figure being inaccurate." Nine days later, the plaintiff moved for an extension of time to prepare a year to year summary of the disputed tax charges in response to the court's order that it do so. Notwithstanding its earlier direction to the plaintiff to provide this information, the court denied the motion, stating that "no extension is necessary, as no action is necessary on the part of counsel. The plaintiff owes the court nothing. Judgment has entered." Thus, the trial court did not require the plaintiff to provide, and did not consider, any evidence in support of the amount of the debt stated in the affidavit. Nor did the defendant ever provide the court with the documentation it requested regarding the allegedly miscalculated interest.

The defendant appealed to the Appellate Court, claiming that the trial court erred as a matter of law by accepting the plaintiff's affidavit of debt and relying on it to establish the amount of the defendant's indebtedness over his objections to the interest and property tax calculations. *JPMorgan Chase Bank, National Assn.* v. *Malick*, supra, 208 Conn. App. 39. The Appellate Court agreed with the defendant and reversed the trial court's judgment; id.; based on this court's decision in *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, 183 Conn. 369, 374–75, 439 A.2d 396 (1981). The plaintiff sought certification to appeal to this court, which we granted, limited to the issue of whether "the Appellate Court incorrectly determine[d] that an objection to an affidavit of debt is sufficient to challenge the affidavit under Practice Book § 23-18 (a) . . . when the . . . defendant failed to advance any evidence as to the amount of the debt . . . ." *JPMorgan Chase Bank, National Assn.* v. *Malick*, 340 Conn. 912, 264 A.3d 1001 (2021). We now affirm the judgment of the Appellate Court.

I

We agree with the Appellate Court's helpful and lucid statement in *Bank of America, N.A.* v. *Chainani*, 174 Conn. App. 476, 483–84, 166 A.3d 670 (2017), of the applicable standard of review of trial court rulings on the admissibility of affidavits of debt offered under Practice Book § 23-18 (a). Specifically, "[t]he scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . [T]he proper characterization of the trial court's ruling is clarified by examining the nature of an affidavit of debt and the function of . . . § 23-18 (a) in foreclosures. Without question, an affidavit of debt is hearsay evidence because it is an out-of-court statement, by an

absent witness, that is offered to prove the truth of the amount of the debt averred in the affidavit. . . . As is relevant here, the purpose of § 23-18 (a) is to serve as an exception to the general prohibition of hearsay evidence when appropriate circumstances arise, namely, that the amount of the debt is not in dispute. . . . Therefore, the [plaintiff's] claim that the [Appellate Court] erred in determining that § 23-18 (a) [does not] appl[y] is most properly characterized as challenging the trial court's determination that an exception to the general prohibition of hearsay applies to the affidavit of debt.

"A trial court's decision to admit evidence, *if premised on a correct view of the law* . . . calls for the abuse of discretion standard of review. . . . In other words, only after a trial court has made the *legal determination* that a particular statement . . . is subject to a hearsay exception, is it [then] vested with the discretion to admit or to bar the evidence based upon relevancy, prejudice, or other legally appropriate grounds related to the rule of evidence under which admission is being sought. . . . Therefore, a trial court's legal determination of whether Practice Book § 23-18 (a) applies is a question of law over which our review is plenary." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) Id.; see, e.g., *Weaver* v. *McKnight*, 313 Conn. 393, 426, 97 A.3d 920 (2014) (whether hearsay exception applies is legal question demanding plenary review).

Practice Book § 23-18 (a) provides that, in any foreclosure action, "where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto."

Thus, to preclude the admission of an affidavit of debt pursuant to Practice Book § 23-18 (a) to establish the amount of mortgage debt, a defense to the mortgage debt must concern the *amount* of the debt. See *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 375. Moreover, we agree fully with the Appellate Court's survey of applicable case law as making "clear that a defense challenging the amount of the debt must be actively made to prevent the application of § 23-18 (a)." *Bank of America, N.A.* v. *Chainani*, supra, 174 Conn. App. 486. A defense is insufficient if it focuses on "matters that are ancillary to the amount of the debt, such as whether the loan is in default, which is a matter of liability, or [matters] that attack the credibility of the affiant or defects in the execution of the affidavit itself." Id., 487; see, e.g., *HSBC Bank USA, National Assn.* v. *Gilbert*, 200 Conn. App. 335, 351, 238 A.3d 784

(2020) (defendants' objection to affidavit of debt on grounds that affiant had no personal knowledge of and relied on hearsay source in calculating starting loan balance was insufficient to bar application of § 23-18 (a)); *Suffield Bank* v. *Berman*, 25 Conn. App. 369, 374, 594 A.2d 493 (trial court's acceptance of affidavit of debt under § 23-18 (a) was proper when defendant failed to disclose defense to liability), cert. dismissed, 220 Conn. 913, 597 A.2d 339 (1991), and cert. denied, 220 Conn. 914, 597 A.2d 340 (1991). Additionally, "a defense to the amount of the debt must be based on some articulated legal reason or fact." *Connecticut National Bank* v. *N. E. Owen II, Inc.*, 22 Conn. App. 468, 472–73, 578 A.2d 655 (1990); id., 473 (defendants' claim that they lacked knowledge as to correctness of amount of debt was insufficient to raise challenge that requires evidentiary hearing). A defendant not only must object to the amount of the debt but must specifically object as to why the amount of the debt is incorrect: for example, whether late charges should have been waived or money had been advanced for taxes. See *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 375.

The plaintiff recognizes that the defendant's objection in this case correctly implicated the amount of the debt by challenging the plaintiff's calculation of interest and municipal taxes. Instead, it argues that, to "interpose" a "defense," as those words are used in Practice Book § 23-18 (a), a defendant must raise not only a specific defense regarding the amount of the debt but must present legal argument and admissible evidence that sufficiently support that defense. According to the plaintiff, the hearsay exception in § 23-18 (a) applies in the present case because the defendant's objection was not properly supported by an evidentiary proffer.[4]

## II

The Appellate Court concluded that this court's holding in *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 369, required it to reject the trial court's admission of the affidavit of debt in the present case because the defendant had objected to the amount of the debt. See *JPMorgan Chase Bank, National Assn.* v. *Malick*, supra, 208 Conn. App. 41–42. A review of *Burritt Mutual Savings Bank of New Britain* is beneficial to our analysis because, although that case is not solely dispositive in resolving the present case, it requires us to address a critical aspect of the plaintiff's claim that was not sufficiently considered by the Appellate Court.

After the trial court in *Burritt Mutual Savings Bank of New Britain* rendered a default judgment, the plaintiff submitted an affidavit to establish the amount of the mortgage debt. *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 374. The defendant objected to the affidavit, specifically disputing "the amounts shown thereon for principal, interest, taxes,

and late charges." Id. After allowing the defendant to testify as to his own calculation of the debt, the trial court found the debt to be the amount claimed in the affidavit. Id. The court did not require the plaintiff to present any additional evidence as to the amount of the debt. Id., 374–75. On appeal to this court, the defendant claimed that the trial court had improperly relied on the affidavit the plaintiff submitted to establish the amount of the debt and argued that, because he had raised a defense to the debt, Practice Book (1978–97) § 527 (now § 23-18 (a)) did not apply and a "bank officer should have been [at the hearing] to testify." Id. 374. The plaintiff countered that the only dispute the defendant had raised concerned the accuracy of mathematical calculations, which the trial court could easily verify. Id., 375. This court held that the record did not support the plaintiff's contention because the defendant also claimed a waiver of late charges and disputed whether money had been advanced for taxes. Id. This court held that "[i]t [was] clear that the defendant did raise a defense concerning the amount of the mortgage debt before the trial court." Id. The predecessor to Practice Book § 23-18 (a) therefore did not apply, and the general rule against admitting hearsay evidence precluded use of the affidavit. Id. As a result, this court vacated the trial court's judgment in part, and, on remand, the plaintiff was required to present evidence to establish the amount of the debt instead of merely relying on the hearsay contained in the affidavit. Id., 382.

In the present case, the defendant objected in relevant part on the ground that the plaintiff's accounting of his property tax payments and interest was inaccurate. Based on these challenges, the Appellate Court correctly held that the defendant had raised a specific objection "concerning the amount of the mortgage debt" established by the plaintiff's affidavit. (Internal quotation marks omitted.) *JPMorgan Chase Bank, National Assn.* v. *Malick*, supra, 208 Conn. App. 43. What the Appellate Court did not sufficiently address, however, was whether, to properly "interpose" a "defense," Practice Book § 23-18 (a) also required the defendant to support his objection with legal argument and admissible evidence. We now turn to that issue.

### III

The plaintiff argues that, to constitute a defense under Practice Book § 23-18 (a), a defendant's objection to a plaintiff's affidavit of debt must be "supported with evidence and arguments challenging the amount of the debt." (Internal quotation marks omitted.) The plaintiff is correct that a defendant's objection must include a legal or factual argument. However, its contention that the rules of practice also require that a defendant provide evidence in support of his objection exceeds what the rules of practice and relevant case law require.

When construing our rules of practice, we apply the

rules of statutory construction. E.g., *Meadowbrook Center, Inc.* v. *Buchman*, 328 Conn. 586, 594, 181 A.3d 550 (2018). "[W]e follow the clear meaning of unambiguous rules, because [a]lthough we are directed to interpret liberally the rules of practice, that liberal construction applies only to situations in which a strict adherence to them [will] work surprise or injustice." (Internal quotation marks omitted.) Id., 595.

Practice Book § 23-18 (a) provides in relevant part: "In any action to foreclose a mortgage *where no defense as to the amount of the mortgage debt is interposed*, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness . . . ." (Emphasis added.) Our rules of practice do not define the word "defense" in the context of § 23-18 (a). Thus, we look to the commonly approved usage of the word. See, e.g., *Ugrin* v. *Cheshire*, 307 Conn. 364, 380, 54 A.3d 532 (2012). Black's Law Dictionary defines "defense" as "[a] defendant's stated reason why the plaintiff or prosecutor has no valid case . . . a defendant's answer, denial, or plea . . . ." Black's Law Dictionary (11th Ed. 2019) p. 528. The Appellate Court has cited an earlier edition of Black's Law Dictionary as defining the word "defense" for purposes of § 23-18 (a) as "[t]hat which is offered and alleged by [the] party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks." (Internal quotation marks omitted.) *Connecticut National Bank* v. *N. E. Owen II, Inc.*, supra, 22 Conn. App. 472, quoting Black's Law Dictionary (5th Ed. 1979) p. 377. A "stated reason" "in law or fact" that challenges a plaintiff's right to recover includes a legal or factual argument raised in opposition to that party. Additionally, as discussed in part I of this opinion, a defendant's "defense" under § 23-18 (a) must specifically concern the amount of the mortgage debt.

Moreover, because the plaintiff challenges the sufficiency of the defendant's defense, we also must define what it means to "interpose" a defense. Our rules of practice do not define the word "interpose," and this court has not defined the word in the context of Practice Book § 23-18 (a) or in any other context. Merriam-Webster's Collegiate Dictionary defines "interpose" as "to place in an intervening position" or "to put forth by way of interference or intervention . . . ." Merriam-Webster's Collegiate Dictionary (11th Ed. 2014) p. 654. To "intervene" is defined as "to occur, fall, or come between points of time or events," "to interfere with the outcome or course . . . of a condition or process," or "to come in or between by way of hindrance or modification." Id., p. 655. This is a broad definition that merely requires a defendant to advance a defense.

Appellate Court case law supports this broad defini-

tion. Although the Appellate Court has not defined the term "interpose," it has addressed *how* a defense to the amount of the debt may be interposed. Specifically, the Appellate Court has held that a defense to the amount of the mortgage debt may be raised by an objection challenging the amount of the debt when the plaintiff attempts to introduce the affidavit into evidence; see *Bank of America, N.A.* v. *Chainani*, supra, 174 Conn. App. 486; as defenses relating to the mathematical calculation of the mortgage debt need not be disclosed before the foreclosure hearing.[5] *Suffield Bank* v. *Berman*, supra, 25 Conn. App. 374. An objection clearly falls within the broad scope of the plain meaning of the word "interpose," as an objection interferes with the plaintiff's ability to rely on the affidavit to prove the amount of indebtedness. See Black's Law Dictionary (11th Ed. 2019) p. 1290 (defining "objection" as "[a] formal statement opposing something that has occurred, or is about to occur, in court and seeking the judge's immediate ruling on the point").

The defendant in the present case objected to the amount of the debt listed in the plaintiff's affidavit, arguing that the plaintiff incorrectly calculated the interest and property taxes he owed, and, therefore, the plaintiff's calculation of debt was not valid. Using the previously mentioned definitions of "defense" and "interposed," we conclude that the defendant's objections to the plaintiff's affidavit of debt satisfied the plain meaning of those words in Practice Book § 23-18 (a). Nevertheless, the plaintiff argues that case law applying § 23-18 (a) requires that a defense as to the amount of the mortgage debt be supported by legal argument and admissible evidence before the court may find the affidavit inadmissible. The plaintiff is correct that § 23-18 (a) requires a supporting legal or factual argument, i.e., a specific argument about why the debt amount is incorrect. But the defendant's objection satisfied that requirement in the present case. The defendant specifically objected that the plaintiff's failure to include property tax abatements the municipality had allegedly provided him for at least three years. Additionally, the defendant objected to the plaintiff's calculation of interest and requested that the court require the plaintiff to provide a breakdown of his variable interest rate for the years that he was not paying his mortgage. See *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 798, 888 A.2d 95 ("defendant's claim seeking to establish the chronology and specific nature of the payments was well articulated and is therefore readily distinguishable from a vague claim of insufficient knowledge"), cert. denied, 277 Conn. 925, 895 A.2d 799 (2006).

As for its contention that supporting evidence must accompany the objection, the plaintiff emphasizes that the defendant in *Burritt Mutual Savings Bank of New Britain* testified in support of his assertions that the mortgage debt was incorrect, whereas the defendant

in the present case failed even to appear at the hearing at which he could have testified in support of his objection. As mentioned previously, the defendant did appear at the strict foreclosure hearing to testify in support of his objection. Moreover, our holding in *Burritt Mutual Savings Bank of New Britain* does not require that a defendant testify, as the defendant did in that case, for his objection to an affidavit of debt to suffice to prevent its admissibility. Nor did we hold in *Burritt Mutual Savings Bank of New Britain* that a defendant must provide documentation to support his defense, and, thus, the defendant's failure in the present case to do so, as the trial court ordered, does not distinguish his objection from the defendant's objection in *Burritt Mutual Savings Bank of New Britain*. See *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 374–75.

The plaintiff places greater reliance on *Bank of America, N.A.* v. *Chainani*, supra, 174 Conn. App. 476, to support its argument that the defendant's objection to its affidavit did not suffice because he did not provide evidence to support his objections. In *Chainani*, the first stage of the foreclosure action focused on whether the plaintiff had standing to commence the action. Id., 480. The defendant's answer in that case denied that the mortgage loan was in default and pleaded insufficient knowledge to admit or to deny the alleged amount of the debt. Id., 479–80. At the hearing in which the court addressed the issue of standing, the trial court admitted the plaintiff's affidavit of debt over the defendant's objection that he had advanced a defense implicating the amount of the debt in his answer to the plaintiff's complaint. Id., 480.

The trial court thereafter conducted a hearing to determine the amount of the debt and the form of judgment it would render. Id. Prior to that hearing, the plaintiff had submitted an updated affidavit of debt in support of its motion for a judgment of strict foreclosure, and the defendant once again objected on the same grounds he had objected to the first affidavit. Id., 480–81. The defendant did not "inform the court of any new legal arguments, evidence, or witnesses that he anticipated presenting to dispute the amount of the debt contained in the . . . [second] affidavit." Id., 481. The trial court again overruled the objection and admitted the affidavit under Practice Book § 23-18 (a). Id. The trial court then found in the plaintiff's favor, determined the amount of the debt based on the affidavit, and rendered judgment of strict foreclosure. Id.

On appeal to the Appellate Court, the defendant in *Chainani* claimed that his answer to the plaintiff's complaint contained responses to the allegations sufficient to bar the affidavit's admission. Id. The defendant argued that the trial court "should have understood these responses to be a challenge to the *amount* of the

debt . . . ." (Emphasis added.) Id., 485. Holding that the trial court properly relied on the affidavit of debt, the Appellate Court reiterated what it previously had held in numerous cases—to preclude the admission of an affidavit of debt under Practice Book § 23-18 (a), a defendant must raise a defense "squarely focused" on the amount of the debt. Id., 487; see also *Suffield Bank* v. *Berman*, supra, 25 Conn. App. 374 (trial court's acceptance of affidavit of debt under § 23-18 (a) was proper when defendant failed to disclose defense to liability). Applying this rule, the Appellate Court in *Chainani* determined that the defendant's objection could not be considered a defense under § 23-18 (a) because it did not specifically challenge the amount of the debt but merely pleaded insufficient knowledge as to the amount of the debt. See *Bank of America, N.A.* v. *Chainani*, supra, 174 Conn. App. 487.

The plaintiff argues that the present case is "on all fours" with *Chainani*. We cannot agree. First, the plaintiff asserts that the Appellate Court in *Chainani* rejected the defendant's argument that Practice Book § 23-18 (a) should not apply because it is "not enough to merely object to the amount of debt." But, in fact, the defendant in *Chainani* never objected to the amount of the debt at all. Instead, he pleaded insufficient knowledge as to the amount of the debt and a general denial of liability. *Bank of America, N.A.* v. *Chainani*, supra, 174 Conn. App. 487. The plaintiff also inaccurately argues that the trial court overruled the defendant's objection in *Chainani* because he "failed to 'respon[d] to the court's questions regarding his objections' and failed to introduce 'legal arguments, evidence, or witnesses' regarding [the] same." See *Bank of America, N.A.* v. *Chainani*, supra, 488. The trial court in *Chainani* was merely providing the defendant the opportunity to respond to the second affidavit with new legal arguments, evidence, or witnesses to encourage arguments that went beyond his previous assertions of insufficient knowledge and denial of default. Id. In other words, the trial court gave the defendant an opportunity to sufficiently interpose a defense by specifically challenging the amount of the debt. Id. Thus, the issue in *Chainani* was not the sufficiency of the defendant's objection to the affidavit of debt, including whether admissible evidence was required to interpose a defense. The issue was that the defendant failed to object to the amount of the debt at all.

The plaintiff focuses on the following sentence in *Chainani* to support its claim that the defendant's objection was insufficient: "It is axiomatic that such a defense may be raised by pleading a special defense attacking the amount of the debt claimed, but it may also be raised by objection, *supported with evidence and arguments* challenging the amount of the debt, upon the attempted introduction of the affidavit in court." (Emphasis added.) Id., 486. It is true, as we have

explained, that a defendant must provide argument as to why he or she is objecting to the amount of the debt, "based on some articulated legal reason or fact," as this is supported by our rules of practice and case law. *Connecticut National Bank* v. *N. E. Owen II, Inc.*, supra, 22 Conn. App. 472–73. The defendant did so in this case. It is arguable whether, through the previous statement in *Chainani*, the Appellate Court was suggesting that, in support of a defendant's objection to an affidavit of debt, both argument and evidence are required to prevent the affidavit from being admitted into evidence. However, to the extent *Chainani* suggests *both* argument and evidence are necessary, we disagree. The court in *Chainani* cited *Suffield Bank* v. *Berman*, supra, 25 Conn. App. 372–74, in support of its statement that an objection to the amount of debt must be "supported with evidence and arguments." *Bank of America, N.A.* v. *Chainani*, supra, 174 Conn. App. 486. However, the issue in *Suffield Bank* was whether the defendants' failure to disclose a defense to the mortgage debt prior to the foreclosure hearing barred them from later contesting liability at the hearing. *Suffield Bank* v. *Berman*, supra, 373. The defendants in *Suffield Bank* claimed that *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, supra, 183 Conn. 369, supported their contention that the trial court, over their objection, had improperly accepted the plaintiff's affidavit as proof of the debt. *Suffield Bank* v. *Berman*, supra, 373–74. However, the defendants in *Suffield Bank* failed to dispute the affidavit's accuracy; rather, they sought to offer "evidence that their obligation to pay interest [had been] discharged . . . ." Id., 373. The holding in *Suffield Bank* prevented the defendants from offering evidence that "went to the issue of the defendants' *liability* for interest," which required the disclosure of their defense to liability prior to the foreclosure hearing. (Emphasis added.) Id., 374. The court in *Suffield Bank* did not hold that a defendant must proffer evidence to successfully interpose a defense *to the amount of the debt*. The court in *Chainani* cited no other case law for its proposition that evidence is required for an objection to be sufficient under Practice Book § 23-18 (a), and we have found none.[6]

This construction is further supported by the fact that, in a foreclosure action, it is the plaintiff's burden to establish the amount of the debt. See 59A C.J.S. 216, Mortgages § 986 (2009) ("[a]s with civil matters generally, the plaintiff in a mortgage foreclosure action has the burden to establish the facts necessary to entitle the plaintiff to the relief sought"). Practice Book § 23-18 (a) provides plaintiffs with an efficient method of meeting their burden to establish the amount of the debt if no defense is interposed. Although it is the defendant's burden to sufficiently interpose a defense to the claimed amount of the debt, once a defense is interposed, the burden remains on the plaintiff to prove the

amount of the debt. At no point does the burden shift to the defendant to prove that the plaintiff's affidavit is incorrect. In other words, once the defendant has sufficiently interposed a defense as to the amount of the debt, the plaintiff is required to satisfy its burden under the Connecticut Code of Evidence, without the benefit of § 23-18 (a). The purpose of this procedure is to allow a defendant to cross-examine the witnesses presented on the issue of the amount of the debt, as well as to allow a defendant an opportunity to present his or her own evidence. See *National City Mortgage Co.* v. *Stoecker*, supra, 92 Conn. App. 798 (defendant sought to cross-examine plaintiff as to timing and precise nature of expenditures claimed by plaintiff).

By attaching to his objection to the plaintiff's affidavit a document with a year to year breakdown of what he claimed were the accurate property taxes, the defendant went beyond what our rules of practice require. Along with argument based on an articulated reason, this objection certainly sufficed to prevent the court from relying on the affidavit for these calculations. Although the defendant did not provide official records from the town tax collector to support his calculation of the amount of property tax he owed, we have never required, and the language of Practice Book § 23-18 (a) does not require, a defendant to provide any evidence.[7]

The plaintiff contends that a determination by this court that the defendant's objection to the affidavit of debt sufficed will effectively eliminate the hearsay exception in Practice Book § 23-18 (a). Specifically, the plaintiff argues that, if the defendant prevails in the present case, a foreclosure defendant can trigger an evidentiary hearing simply by objecting to the affidavit of debt without providing supporting evidence or appearing for a hearing designed to give him or her the opportunity to do so.[8] In this opinion, however, this court clearly holds that a general objection does not suffice under § 23-18 (a). Rather, a defendant must raise a specific defense as to the amount of the debt—for example, that the interest or taxes were incorrect.

The trial court in the present case improperly placed the burden on the defendant to prove that the amount of interest listed in the plaintiff's affidavit of debt was inaccurate. At all times, it was the plaintiff's burden to prove the amount of the debt. The defendant sufficiently objected to the amount of interest and municipal taxes, and it was not his burden to provide further evidence to "prove" his objection. By placing the burden on the defendant to establish that the affidavit of debt was inaccurate, the trial court prevented the defendant from having an opportunity to cross-examine the plaintiff's witnesses, including the affiant. Accordingly, the Appellate Court correctly held that the trial court had improperly relied on the plaintiff's affidavit of debt rather than having required the plaintiff to present evidence as to

the amount of the debt.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] The defendant also is known as Abu Hashem W.Q. Malick. The plaintiff also named Shujaat Malick and HOP Energy, LLC, as defendants in the trial court, but they are not parties to this appeal. In the interest of simplicity, we refer to Abu Hashem Malick as the defendant.

[2] Although the defendant filed a brief in the Appellate Court and appeared through counsel at oral argument before that court, he did not file a brief in or appear at oral argument before this court after failing to comply with our order requiring him to file a brief by August 16, 2022. We, therefore, have considered this appeal in light of the record and the plaintiff's brief and oral argument only. See, e.g., *Walsh* v. *Jodoin*, 283 Conn. 187, 191 n.4, 925 A.2d 1086 (2007).

[3] The Appellate Court stated that the defendant did not attend the hearing; see *JPMorgan Chase Bank, National Assn.* v. *Malick*, supra, 208 Conn. App. 41; but the record shows that he did attend, although he did not provide the trial court with the verified documentation it had requested. The Appellate Court's statement may have been made in reliance on the trial court's incorrect statement in its denial of the plaintiff's motion for an extension of time, in which the court stated that the defendant had not been present at the second hearing.

[4] The plaintiff also argues that the defendant waived any valid objection he may have had by failing to appear at the July 15, 2019 hearing to provide verified documentation as to his calculation of the debt. This is incorrect. The record clearly shows that the defendant appeared at the strict foreclosure hearing and presented arguments on his objections to the affidavit of debt. To the extent that the plaintiff's waiver argument extends to the defendant's failure to provide documentation as to the allegedly incorrect interest calculations, as discussed in part III of this opinion, the trial court erroneously placed the burden on the defendant to prove that the plaintiff's affidavit of debt was incorrect. Therefore, the defendant's failure to provide the documentation the trial court requested does not constitute a waiver of his objection.

[5] The Appellate Court has held that a defendant may challenge the amount of the debt by way of a special defense. See *Bank of America, N.A.* v. *Chainani*, supra, 174 Conn. App. 486. We note that trial courts have disagreed about whether a defendant may properly challenge the amount of the debt by pleading a special defense. See *Nationstar Mortgage, LLC* v. *Amatulli*, Docket No. CV-19-6032676-S, 2023 WL 1794235, *8 (Conn. Super. February 1, 2023) (defendants' special defense disputing amount of debt was "not a special defense but rather constitute[d] part of a general denial"). But see *Ingomar Ltd. Partnership* v. *Packer*, Docket No. CV-020-467401, 2007 WL 1675846, *11–12 (Conn. Super. May 23, 2007) (adjudicating named defendant's special defense asserting that holders of note and mortgage misstated principal, amounts of installment payments, interest and late charges). Because the defendant in the present case interposed his defense by way of an objection, we do not need to address the validity of pleading a special defense related to the amount of mortgage debt owed.

[6] Whether evidence is required for an objection to be sufficient was not relevant to the court's holding in *Chainani*, as the primary issue was whether the defendant's objection implicated the amount of debt at all. See *Bank of America, N.A.* v. *Chainani*, 174 Conn. App. 480–81.

[7] In fact, because of the defendant's objection and argument, the trial court itself ordered the plaintiff to determine whether the property taxes listed in the affidavit of debt were incorrectly calculated. When the plaintiff moved for an extension of time to provide the court with that information, the court ruled that the plaintiff owed the court nothing, contrary to its previous order. See footnote 3 of this opinion.

[8] The plaintiff's argument is supported by the amicus brief submitted by USFN. That brief argues that, if the defendant prevails, a party would need to file only a pro forma objection to the amount of the debt, even a frivolous objection, to render Practice Book § 23-18 (a) inapplicable. USFN argues that this court should require that a defendant present some evidence, via testimony, an affidavit or other compelling documentation, to support its objection.

Not only are we not persuaded that our holding today contradicts Practice Book § 23-18 (a), but we are not persuaded that our holding will unduly burden courts or litigants. Many foreclosure cases are settled through the

Judicial Branch's Foreclosure Mediation Program. See State of Connecticut Judicial Branch, Ezequiel Santiago Foreclosure Mediation Program: Report to the Banking Committee of the General Assembly (March 1, 2021) pp. 4–5 (91 percent of foreclosure cases eligible for mediation between July 1, 2013, and December 31, 2020, were settled), available at https://jud.ct.gov/ statistics/fmp/FMP Report bank 2021.pdf (last visited June 30, 2023). Of the cases that ultimately move to foreclosure judgment, many are uncontested. Thus, it is not often that a defendant in a foreclosure action will challenge the use of an affidavit of debt pursuant to § 23-18 (a). Moreover, the purpose of § 23-18 (a) is to serve as a hearsay exception *when the appropriate circumstances arise:* circumstances that we hold did not arise in this case. See *Bank of America*, *N.A.* v. *Chainani*, supra, 174 Conn. App. 484. In cases in which a defendant's challenge to an affidavit of debt is successful, that ruling promotes the public policy of providing homeowners—many of whom are self-represented—with opportunities to avoid foreclosure and provides transparency and fairness throughout the judicial process. See State of Connecticut Judicial Branch, Ezequiel Santiago Foreclosure Mediation Program, supra, p. 14.

---